## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **MICHAEL RIGGS, Individually and on Behalf of All Others Similarly Situated,** § § § | |
| **Plaintiffs,** § § | **CIVIL ACTION NO. _____** |
| **v.** § § | **JURY TRIAL DEMANDED** |
| **THD AT-HOME SERVICES, INC.,** § § | |
| **Defendant.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. SUMMARY

1. This is a case filed under the FAIR LABOR STANDARDS ACT (hereinafter "FLSA" or "Act").

2. Defendant refuses to compensate its employees all hours worked at the regular or overtime rates required under the FLSA.

3. Consequently, Defendant's conduct violates the Act, which requires non-exempt employees to be compensated for all hours worked at their regular rate of pay and for all hours in excess of 40 in a work week at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

4. Plaintiff is a non-exempt employee of Defendant who has not been compensated for all hours worked as required by law, and files this collective action to recover unpaid wages and/or overtime compensation owed to him individually and on behalf of all other similarly situated employees, current and former, of Defendant (hereinafter referred to as "Class Members").

## II. SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in the Eastern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Eastern District of Texas.

## III. PARTIES AND PERSONAL JURISDICTION

7. Plaintiff MICHAEL RIGGS (hereinafter "Plaintiff" or "Mr. Riggs") is an individual residing in the Eastern District of Texas.

8. The Class Members are current and former employees working as project managers and/or field inspector at any time from February 22, 2009 forward.

9. Upon belief, Defendant THD AT-HOME SERVICES, INC. (hereinafter "Defendant") is a Delaware corporation doing business in the Eastern District of Texas, who may be served with process by serving its registered agent, Corporation Service Company d/b/a SCS-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

10. Upon belief, this Court has personal jurisdiction over Defendant, and the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice, because, *inter alia*, Defendant does business in Texas; employs persons in Texas, including the Plaintiff and other members of the proposed class; maintains offices in Texas; and/or has committed violations of the FLSA in Texas which are the subject of this Lawsuit, including failing to pay the Plaintiff for all of the hours he worked and/or pay the Plaintiff overtime in accordance with the FLSA.

## IV. COVERAGE

11. Upon belief, at all material times, Defendant has been an employer within the meaning of 203(d) of the FLSA. *See* 29 U.S.C. § 203(d).

12.     Upon belief, at all material times, Defendant has been an enterprise within the meaning of 203(r) of the FLSA.  *See* 29 U.S.C. § 203(r).

13.     At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 203(s)(1) of the FLSA because Defendant has had employees engaged in commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  *See* 29 U.S.C. § 203(s)(1).

14.     At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## V.  **FACTS**

15.     Defendant provides goods and/or services in Texas and other states, including, roofing, vinyl siding and replacement window installation goods and services.

16.     On or about February 5, 2008, Defendant hired Plaintiff as a Project Manager.  Sometime in 2009, Plaintiff was employed as a Field Inspector.  His current hourly wage is $18.52/hour without bonuses or other compensation.  Therefore, his overtime compensation should be at least $27.78/hour for hours worked over 40 hours per week.

17.     From the time he began working as a non-exempt employee, Plaintiff has worked numerous hours of documented overtime which Defendant did not pay Plaintiff in accordance with the FLSA.  The uncompensated work performed by Plaintiff included communicating with customers, communicating with contractors, inspecting work performed by contractors, coordinating installation of roofing materials, siding, and windows in customer's homes, driving to work sites, repairing roofs, siding, and windows on customer's homes, moving building materials at job sites, and other manual labor.

18.     Defendant has a corporate policy of refusing to compensate its employees, including the Plaintiff, for all hours worked.  In particular, Defendant has a corporate policy of refusing to pay its employees for any compensable work in excess of 40 hours a week, including communicating with customers, communicating with contractors, inspecting work performed by

contractors, coordinating installation of roofing materials, siding, and windows in customer's homes, driving to work sites, repairing roofs, siding, and windows on customer's homes, moving building materials at job sites, and other manual labor.  As a result of this corporate policy, the Plaintiff was not compensated for all of his hours worked.

19.     In addition, although the Plaintiff was required to and in fact did frequently work more than forty (40) hours per week, he was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) hours.

20.     Plaintiff is a non-exempt employee.

21.     Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA.

### VI.  COLLECTIVE ACTION ALLEGATIONS

22.     Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

23.     Plaintiff has knowledge that Class Members have also been denied compensation for all hours worked in a work week at required lawful overtime rates.

24.     Although Defendant permits and/or requires the Class Members to work long hours, Defendant has denied them full compensation for their hours worked.

25.     The Class Members are current and former employees of Defendant working as Project Managers and/or Field Inspectors who perform or have performed the same or similar work as the Plaintiff.

26.     Class Members are not exempt from the FAIR LABOR STANDARDS ACT.

27.     As such, Class Members are employees who are similar to Plaintiff in terms of work duties, pay structure and/or the denial of compensation.

28.     Defendant's failure to compensate its employees for all hours worked at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

29. Upon belief, Plaintiff's experience, with respect to their pay and job responsibilities, is typical of the experience of the Class Members.

30. Upon belief, the specific job titles, precise job responsibilities and geographical location of each Class Member do not prevent collective treatment.

31. All Class Members, irrespective of their particular job requirements, are entitled to be compensated at their regular rate for all hours worked and are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek and a rate of one and one-half their regular rates.

32. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

33. As such, the class of similarly situated plaintiffs is properly defined as follows:

> The Class Members are all of Defendant's current and former employees working as Project Managers and/or Field Inspectors from the period running three years prior to the date this lawsuit was filed up to and including the present date.

### VII. PLAINTIFFS' WAGE CLAIM

34. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

35. Defendant's practice of failing to pay for all time worked violates the FLSA. *See* 29 U.S.C. § 207.

36. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked and for overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to the Defendant or the Plaintiff.

## VIII. DAMAGES SOUGHT

44. Plaintiff and the Class Members are entitled to recover compensation for any hours they worked for which they were not paid and/or their unpaid overtime compensation. In addition, Plaintiff and Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. *See* 29 U.S.C. § 216(b).

45. Plaintiff is entitled to recover attorney's fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## IX. PRAYER

For these reasons, Plaintiff and Class Members respectfully request judgment to be entered in their favor against the Defendant awarding them:

A. Wage and/or overtime compensation for all unpaid hours worked at the applicable rate;

B. An equal amount as liquidated damages as allowed under the FLSA;

C. Reasonable attorney's fees, costs and expenses of this action at all stages of litigation, including preparation, trial and appeal, as provided by the FLSA;

D. Pre-judgment and post judgment interest at the highest rates allowed by law; and

E. Such other relief to which Plaintiff and the Class Members may be entitled.

Respectfully submitted,

ALAGOOD & CARTWRIGHT, P.C.


By: /s/ Brian T. Cartwright
    Brian T. Cartwright
    Texas Bar No. 03940900
    1710 Westminster St.
    Denton, Texas 76205
    940.891.0003
    940.891.0004 fax

ATTORNEY IN CHARGE FOR PLAINTIFF

Hugh Coleman
Texas Bar No. 00792416
**Coleman Law Firm P.C**
**1710 Westminster – Suite D**
Denton, Texas 76205
Tel: (940) 735-4007
Fax: (940) 239-9866

CO-COUNSEL FOR PLAINTIFF